## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DAVID R. ROGERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. A. NO. 23-164-MU |
| TIFFIN MOTOR HOMES, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

### ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT

This action is before the Court on Plaintiff's Motion to Amend Judgment filed pursuant to Fed. R. Civ. P. 59(e) (Doc. 117) and the Response filed by Defendant Great American RV Superstores ("Great American") (Doc. 121). For the reasons and to the extent set forth below, Plaintiff's motion is **GRANTED**.

### I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir.1985). There are four basic grounds for granting a Rule 59(e) motion, however: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could

have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992).

## II.    DISCUSSION

This case came on for a bench trial before the Court on November 12-13, 2024. The parties then submitted extensive post-trial briefs, and the Court issued its Memorandum Opinion and Order finding in Plaintiff's favor on his revocation of acceptance, breach of express warranty, and Magnuson-Moss Warranty Act ("MMWA") claims on June 10, 2025. (Doc. 114). By Judgment entered the same day, the Court ordered:

(1) Defendant Great American pay Rogers, as damages for revocation of acceptance, $205,437.40,

(2) Defendant Tiffin pay Rogers, for violation of the MMWA, attorney's fees and costs in an amount to be determined upon submission of Rogers' post-judgment motion. No other damages are awarded for violation of the MMWA.

(3) No damages are awarded for breach of warranty as Plaintiff has prevailed on his revocation of acceptance claim and all appropriate incidental and consequential damages have been awarded as part of that claim.

(Doc. 115). As to the revocation damages, the Court stated that Rogers could file a post-judgment motion seeking to add any monthly payments he made after trial. (Doc. 114, PageID.3507; Doc. 115).

Rogers filed his Motion to Amend Judgment on June 24, 2025, and asks the Court to amend the Judgment "to reflect post-trial loan and insurance payments made by Plaintiff and to clarify that, as a consequence of the Plaintiff's successful revocation of

2

acceptance, there is no outstanding loan obligation." (Doc. 117, PageID.3549). Rogers submitted an affidavit detailing these payments he has made since trial along with supporting documents from his lender and State Farm. (Docs. 117-1, 117-2, 117-3, and 117-4). Rogers also states in his motion that he "preserves and maintains his position that the proper measure of damages for revocation is the full purchase price of the motorcoach, because that was the amount paid to the seller." (Doc. 117, PageID.3550).

On the other hand, Defendant GARV states that it preserves its arguments in opposition to Plaintiff's claimed damages, but it does not object to the addition of additional monthly loan payments in the amount of $17,590.08. (Doc. 121, PageID.3617). GARV does object to the inclusion of additional insurance payments, arguing that the Court's Order did not invite submission of additional insurance payments after those already awarded for 2023. (Doc. 121, PageID.3617-18). GARV then asserts that Plaintiff's statement regarding his request for damages up to the full purchase price is simply a request to "preserve and maintain" his position and not an express request for such an amendment to the judgment. (Doc. 121). However, to the extent it is such a request, Defendant maintains that the Court's Order correctly found that Plaintiff is only entitled to recover "so much of the price as has been paid." (Doc. 121).

As indicated in inviting Rogers to submit proof of additional monthly loan payments, the Court finds that Rogers is entitled to an amended judgment awarding him an additional $17,590.08 for the eight monthly loan payments made since trial in November 2024 through June 2025. The Court also finds that Rogers may recover the additional insurance payments he has made for the Motorhome. The Court previously awarded as consequential damages insurance payments made in 2023, because, even though

3

Rogers had revoked his acceptance, he was still required by his lender to have insurance coverage for the Motorhome. (Doc 114, PageID.3504). This conclusion supports a finding that additional insurance payments made since his revocation are also recoverable, and Rogers has now provided proof of those payments for December 2023 through June 2025, totaling $3,356.46. (Docs 117-1, 117-4). Accordingly, the Court finds that Rogers is entitled to an additional $20,946.54 in damages, bringing the total damages for his revocation of acceptance claim to $226,383.94. The Court does not find that any further amendment to its prior Memorandum Opinion and Order or the Judgment is supported under Rule 59(e).

### III.  CONCLUSION

For the reasons set forth above, the Court amends its Memorandum Opinion and Order (Doc. 114) and Judgment (Doc. 115) and **ORDERS** Defendant Great American to pay Rogers, as damages for revocation of acceptance, $226,383.94. As previously stated in the Memorandum Opinion and Order and Judgment, the Court **ORDERS** Defendant Tiffin to pay Rogers, for violation of the MMWA, attorney's fees and costs in an amount to be determined based upon Rogers' post-judgment motion. An Amended Judgment will be entered separately.

**DONE** and **ORDERED** this the **28th** day of **August, 2025.**

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

4